UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DENNIS DAMONN SPURLING,

                     Plaintiff,

-against-

EQUIFAX INFORMATION SERVICES LLC dba EQUIFAX; EXPERIAN INFORMATION SOLUTIONS, INC. dba EXPERIAN; and TRANS UNION (OF DELAWARE), LLC aka TRANS UNION LLC dba TRANSUNION,

                     Defendants.

Case No. 1:24-cv-05239 (JLR)

**OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

       On June 5, 2024, Dennis Damonn Spurling ("Plaintiff" or "Spurling") brought an action in the Supreme Court of the State of New York, County of New York (the "State Court Action"), against three consumer-reporting agencies, Equifax Information Services LLC d/b/a/ Equifax ("Equifax"), Experian Information Solutions, Inc. d/b/a Experian ("Experian"), and Trans Union (of Delaware), LLC a/k/a Trans Union LLC d/b/a Transunion ("TransUnion") (jointly, "Defendants" or the "CRAs"), alleging that the CRAs violated his rights under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the analogous New York Fair Credit Reporting Act ("NYFCRA"), N.Y. Gen. Bus. Law § 380 *et seq*. *See generally* Dkt. 1-1 ("Compl."). On July 11, 2024, TransUnion removed the case to federal court. Dkt. 1.

       On July 18, 2024, Experian and TransUnion jointly moved to dismiss Spurling's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. 8. On July 25, 2025, Equifax moved the Court to join Experian and TransUnion's Motion to Dismiss. Dkt. 10. For the reasons set forth below,

the Court GRANTS Equifax's Motion to Join Experian and TransUnion's Motion to Dismiss and GRANTS Defendants' Motion to Dismiss the Complaint.

## BACKGROUND

### I. Factual Allegations[1]

Plaintiff Dennis Damonn Spurling is a "native" of Los Angeles, California, and a licensed attorney in the states of Arkansas, Louisiana, New York, and Texas. Compl. ¶¶ 2-3, 6. On or around December 17, 2023, Spurling mailed to each of the three Defendants a set of dispute letters. *See id.* ¶ 240 (the "Equifax Disputes"); *id.* ¶ 253 (the "Experian Disputes"); *id.* ¶ 267 (the "TransUnion Disputes"). Each set of dispute letters included copies of Spurling's signed social security card and Texas driver's license, *see id.* ¶¶ 240, 253, 267, and identified eleven or twelve "items of data in his consumer file" — which Spurling calls "Tradelines" — that were "inaccurate" or "incomplete," including various addresses, open and closed accounts, and employers, *id.* ¶¶ 244, 257, 271. According to Spurling, each of the three Defendants "failed to reinvestigate the disputed Tradelines, record the current status of such information, and expunge/delete or modify the disputed Tradelines," *id.* ¶¶ 249, 262, 276, within thirty days of receiving the dispute letters, *id.* ¶ 296, after which the "inaccurate and/or incomplete data in his files maintained by Defendants," *id.* ¶ 294, were "subsequently furnished to third parties," *id.* ¶ 292.

As a proximate result of Defendants' "erroneous reporting," *id.* ¶¶ 252, 265, 279, combined with their "fail[ure] to promptly reinvestigate the disputed Tradelines," *id.* ¶ 288, or "maintain reasonable procedures designed to avoid the violations," *id.* ¶ 297, Spurling alleges

---

[1] For purposes of resolving the Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all reasonable inferences in Spurling's favor. *See Costin v. Glens Falls Hosp.*, 103 F.4th 946, 952 (2d Cir. 2024).

that he has suffered, and continues to suffer, "extensive damages, including, but not limited to, out of pocket costs and expenses for having to mail disputes, attorney's fees to consult with and litigate these issues, court fees, emotional distress, a decrease in credit/FICO score, loss of personal and business credit opportunities with potential creditors/lenders, and delays in accessing equity in [his] home." *Id.* ¶¶ 250, 263, 277; *see id.* ¶¶ 253, 266, 280.  More specifically, Spurling alleges that as a result of Defendants' conduct, he "has faced multiple credit card denials, . . . has been unable to refinance [his] house, . . . has [been] forced . . . to pay cash for a swimming pool, . . . has encountered difficulties securing business loans, . . . was unable to access vital COVID-19 relief loans, . . . [and] has been unable to make personal purchases, such as acquiring a new vehicle." *Id.* ¶¶ 250(i)-(vi), 263(i)-(vi), 277(i)-(vi).

## II.     Procedural History

On July 18, 2024, Experian and TransUnion filed their Motion to Dismiss the Complaint, Dkt. 8; *see also* Dkt. 8-1 ("Br."), which Equifax moved to join on July 25, 2024, Dkt. 10.  On September 6, 2024, Spurling filed his opposition to the Motion to Dismiss, Dkt. 17 ("Opp."), and on September 13, 2024, the CRAs filed their joint Reply in further support of the Motion to Dismiss, Dkt. 18 ("Reply").  Also on September 13, 2024, Spurling filed an objection to the Defendants' Reply and to Equifax's Motion to Join.  Dkt. 19 ("Obj.").

## III.    Legal Standard for Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a Rule 12(b)(6) motion, the court must "accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110-11 (2d Cir. 2010) (alterations adopted) (quoting *Shomo v. City of New York*, 579

3

F.3d 176, 183 (2d Cir. 2009)).  The court shall not "accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

### I. Equifax's Motion to Join the Motion to Dismiss

Equifax moves to join the other Defendants' Motion to Dismiss under Rule 12(c) as a motion for judgment on the pleadings.  *See* Dkt. 10 ¶ 6; Reply at i n.1.  Because "a motion to dismiss for failure to state a claim . . . that is styled as arising under Rule 12(b) but is filed after the close of pleadings[] should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)," *Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001), the Court grants Equifax's motion.

Spurling objects to Equifax's motion as untimely because it was filed on July 25, 2024, after Equifax had already filed its answer to the Complaint in the State Court Action on July 1, 2024, Dkt. 17-1.  *See* Opp. at 2; Obj. at 2.  It is true that under Rule 12(b), a motion to dismiss for failure to state a claim upon which relief can be granted "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).  It is "[e]qually true, however, [that] Rule 12(h)(2) states that '[a] defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted . . . or by motion for judgment on the pleadings, or at the trial on the merits.'" *Patel*, 259 F.3d at 126 (third alteration and omissions in original) (quoting Fed. R. Civ. P. 12(h)(2)).  "Thus, the defense of failure to state a claim is not waivable" and may be raised with a Rule 12(c) motion for judgment on the pleadings.  *Id.*; *see also Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) ("The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." (quoting *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020))).  In any case, the Court finds that the allegations against Equifax are

nearly identical to those against the other Defendants, and Equifax's "joining the other Defendants' motion to dismiss does not raise any new issues of law or fact that would prejudice" Spurling. *Perez v. City of New York*, No. 23-cv-00447 (CM), 2024 WL 898943, at *5 (S.D.N.Y. Feb. 29, 2024).

## II.   The Motion to Dismiss

In support of their Motion to Dismiss, the CRAs assert that Spurling's Complaint "contains no factual allegations specifying what particular information within Plaintiff's credit file was inaccurate, why it was inaccurate, or how defendants filed to adequately reinvestigate his disputes." Br. at 2. In response, Spurling argues that he need not specify "'why' an item of information is inaccurate," Opp. at 7, or provide "more specific allegations" regarding the Defendants' alleged failure to reinvestigate his disputes, *id.* at 12. For the reasons set forth below, the Court agrees with Defendants.

Under the FCRA, a CRA must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "A consumer harmed by a CRA's failure to follow such reasonable procedures may bring a civil action against the CRA." *McCrae v. Trans Union LLC*, No. 23-cv-07971 (JLR), 2024 WL 1859965, at *2 (S.D.N.Y. Apr. 29, 2024) (quoting *Sessa v. Trans Union, LLC*, 74 F.4th 38, 42 (2d Cir. 2023)). As this Court recently held, "[a]t the pleading stage, a plaintiff must 'identify the specific information on her credit report that is inaccurate and explain why the identified information is inaccurate.'" *Id.* (quoting *Cabrera v. Experian*, No. 21-cv-08313 (LTS), 2021 WL 5166980, at *3 (S.D.N.Y. Nov. 5, 2021)). Spurling has not made this required showing.

"In actions under Section 1681e or Section 1681i, the threshold question is whether the disputed credit information is inaccurate." *Viverette v. Experian*, No. 21-cv-06989 (LTS), 2022

WL 357274, at *3 (S.D.N.Y. Feb. 7, 2022) (quoting *Phipps v. Experian*, No. 20-cv-03368 (LLS), 2020 WL 3268488, at *3 (S.D.N.Y. June 15, 2020)).  To properly state a claim, a "plaintiff must therefore identify the specific information on [his] credit report that is inaccurate and explain why the identified information is inaccurate." *Id.* (quoting *Phipps*, 2020 WL 3268488, at *3); *accord McCrae*, 2024 WL 1859965, at *2.  In his Complaint, Spurling asserts that the eleven or twelve disputed items in the respective CRA reports are "inaccurate and/or incomplete," Compl. ¶ 294, but fails to specify how or why the disputed information is incorrect.  Spurling pleads only a list of addresses, accounts, and employers without further factual context or clarification, *see id.* ¶¶ 244, 257, 271, which is plainly insufficient to "state a claim under the FCRA." *Viverette*, 2022 WL 357274, at *3 (dismissing FCRA claim where plaintiff failed to plead "additional facts explaining why the disputed information and inquiries are false" (quoting *Phipps*, 2020 WL 3268488, at *3)); *accord Phipps*, 2020 WL 3268488, at *3 ("A plaintiff must . . . identify the specific information on his credit report that is inaccurate and explain why the identified information is inaccurate."); *Gestetner v. Equifax Info. Servs. LLC*, No. 18-cv-05665 (JFK), 2019 WL 1172283, at *2 (S.D.N.Y. Mar. 13, 2019) (dismissing complaint that contained no "factual allegations explaining why" the disputed information was inaccurate).

Spurling also alleges that the CRAs violated the FCRA's reinvestigation provision. Compl. ¶¶ 249, 262, 276; *see Cabrera*, 2021 WL 5166980, at *2 ("If a consumer notifies a consumer reporting agency of an inaccuracy in the information that agency reports, the agency must conduct a 'reasonable reinvestigation to determine whether the disputed information is inaccurate.'" (quoting 15 U.S.C. § 1681i(a)(1)(A))).  To adequately state a claim for failure to reinvestigate under the FCRA, a plaintiff must "allege facts indicating that [a CRA] failed to follow reasonable reinvestigation procedures." *Phipps*, 2020 WL 3268488, at *3.  Spurling has

plainly not done so. The Complaint is completely devoid of "any facts showing that [the CRAs] failed to follow reasonable reinvestigation procedures" and thus fails to state a claim upon which relief can be granted under the FCRA. *Cabrera*, 2021 WL 5166980, at *3.

For the same reasons, Spurling's Complaint also fails to state a claim under the NYFCRA. "Because the language of the NYFCRA and the FCRA is substantially similar, 'the two statutes must be construed in the same way.'" *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 267 n.1 (2d Cir. 2023) (quoting *Scott v. Real Est. Fin. Grp.*, 183 F.3d 97, 100 (2d Cir. 1999)) (disposing plaintiff's NYFCRA claims on the same grounds as his FCRA claims); *accord Ahmad v. Experian Info. Sols., Inc.*, No. 23-cv-02222 (LJL), 2023 WL 8650192, at *4 n.4 (S.D.N.Y. Dec. 14, 2023) ("[T]he Court's discussion of Plaintiff's claims under the FCRA also applies to the extent he intends to assert claims under the NYFCRA."). Accordingly, the Court dismisses the entirety of Spurling's Complaint to the extent it asserts analogous claims under both the FCRA and NYFCRA.

### III. Leave to Amend

Spurling seeks leave to amend his Complaint should the Court find any pleading deficiencies. Opp. at 15. Defendants oppose this request and ask the Court to dismiss the Complaint with prejudice. Reply at 3. The Court will grant Spurling's request for leave to amend.

Rule 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); *accord Farrell v. City of New York*, No. 23-cv-04329 (JLR), 2024 WL 3849333, at *7 (S.D.N.Y. Aug. 16, 2024). "Nonetheless, 'it is within the sound discretion of the district court to grant or deny leave to amend.'" *Farrell*, 2024 WL 3849333, at *7 (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)). However, the Second Circuit "ha[s] been particularly skeptical of denials of requests to amend when a plaintiff did not previously

7

have a district court's ruling on a relevant issue, reasoning that '[w]ithout the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies.'" *Attestor Value Master Fund v. Republic of Argentina*, 940 F.3d 825, 833 (2d Cir. 2019) (second alteration in original) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)).

Accordingly, the Court grants Spurling leave to amend his Complaint within twenty-eight (28) days of the date of this Opinion and Order. "The Court has no reason to conclude that Plaintiff has unduly delayed or acted in bad faith, that granting leave to amend would unduly prejudice Defendants, or that granting leave to amend would necessarily be futile." *Mumin v. City of New York*, No. 23-cv-03932 (JLR), 2024 WL 5146085, at *26 (S.D.N.Y. Dec. 17, 2024).

## DISCUSSION

For the foregoing reasons, the Court GRANTS Equifax's Motion to Join the Motion to Dismiss and GRANTS Defendants' Motion to Dismiss the Complaint in its entirety. Plaintiff may file an amended complaint by February 5, 2025. If no amended complaint is filed by that date, the Court will direct that judgment be entered in favor of Defendants and close the case. The Clerk of Court is respectfully directed to terminate the motions at Dkts. 8 and 10.

Dated: January 8, 2025
      New York, New York

                                           SO ORDERED.

                                           *Jennifer Rochon*
                                           JENNIFER L. ROCHON
                                           United States District Judge